```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
LEROY-JAMES WILSON III,                      :
JASON-YOREL WILSON                           :
LAWRENCE-ANTHONY WILSON                      :
LEROY-JAMES WILSON,                          :   MEMORANDUM & ORDER
KEITH-CRAIG ALLEN,                           :
                                             :   18-CV-312 (ENV) (JO)
                                             :
                         Plaintiffs,         :
                                             :
           -against-                         :
                                             :
TAXI AND LIMOUSINE COMMISSION,               :
OATH COURT,                                  :
STATE OF NEW YORK,                           :
                         Defendants.         :
------------------------------------------------------------- X
```

VITALIANO, D.J.

On January 17, 2018, plaintiffs, appearing *pro se*, filed this action against the New York City Taxi and Limousine Commission ("TLC"), the City of New York's Office of Administrative Trials and Hearings ("OATH"), and the State of New York claiming the existence of diversity jurisdiction. *See* Compl. at 3, ECF No. 1. Plaintiffs paid the filing fee to commence this action. As set forth below, the complaint is dismissed without prejudice for lack of subject matter jurisdiction.

## Background

Plaintiffs allege that a TLC employee, posing as a prospective passenger, asked one of their number, co-plaintiff Jason-Yorel Wilson for a ride after he had just dropped off Leroy-James Wilson at the airport. The interaction led to the issuance of a summons to Jason-Yorel. *Id.* at 6-7. Plaintiffs do not provide the date or location of this incident nor do they plead facts to show any involvement of plaintiffs Leroy-James Wilson III, Lawrence-Anthony Wilson, or Keith-Craig Allen in any occurrence that might be within the ambit of the complaint. Plaintiffs

1

seek damages and a "certified copy of the Oath of Office of all defendants." *Id.* at 10. Plaintiffs include in their filing, without explanation, the following additional documents: Pomeroy's Equity Jurisprudence, UCC Financing Statement, Private Commercial Security Agreement, SI DEN01140.110 Life Estates, 28 Am Jur 2d Proof of Facts, Affidavit of Denial of Corporate Existence, State of New York Department of State document, Letter dated December 23, 2017 to OATH Hearings NYC, OATH Notice of Decision (Hearing Date Adjourned), New York State Department of Motor Vehicle documents, Official International Proclamation of Signature and Autograph Copyright/Copyclaim, Affidavit of Facts for Lawrence Anthony Wilson, Affidavit of Notary Presentment, Notice and Demand for Abatement, Second Notice and Demand for Abatement, and Letter to NY State Attorney General Eric Schneiderman.

## Standard of Review

The Court is mindful that plaintiffs are proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citation omitted). Pleadings submitted by a self-represented party are to be interpreted liberally, to raise "the strongest arguments that they suggest." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, even *pro se* plaintiffs must "plead facts sufficient 'to state a claim to relief that is plausible on its face.'" *Teichmann v. New York*, 769 F.3d 821, 825 (2d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint need not provide "detailed factual allegations," but it must include "more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Even where, as here, plaintiffs have paid the filing fee, special solicitude must be extended to the *pro se* pleadings. But, a district court must still dismiss the action if it determines that it is frivolous, *see Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## Discussion

Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). The basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "federal question" jurisdiction, § 1332 for "diversity of citizenship" jurisdiction. A party properly invokes § 1331 jurisdiction when the party pleads a colorable claim "arising under" the Constitution or laws of the United States; parties may invoke § 1332 jurisdiction when they present a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) (citing *Bell v. Hood*, 327 U.S. 678, 681-685, 66 S. Ct. 773, 90 L. Ed. 939 (1946)). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (internal citation and quotation marks omitted); *Harrison v. New York*, 95 F. Supp. 3d 293, 311 (E.D.N.Y. 2015). Furthermore, federal courts

have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434-35, 131 S. Ct. 1197, 179 L. Ed. 2d 159 (2011); *United States v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002).

In the present case, diversity jurisdiction is not available. Plaintiffs have affirmatively pled that all the parties are citizens of New York, *see* Compl. at 2-4, which precludes diversity jurisdiction outright. *See Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012). There is, moreover, absolutely nothing in the complaint that suggests plaintiffs can plausibly plead a claim arising under federal law. Indeed, there is much in the complaint that suggests that they cannot, since the only discernible grievance seems to relate to a TLC violation.

More precisely, plaintiffs seek to challenge the issued TLC ticket, which is being adjudicated in an ongoing proceeding before OATH, New York City's adjudicating tribunal. This, viewed liberally, is a claim that does not arise under the Constitution or federal laws and thus fails to confer federal question jurisdiction. Because the Court lacks both federal question and diversity jurisdiction, it does not have subject matter jurisdiction, that is, the power to hear the case. Dismissal is mandatory in these circumstances.

## Conclusion

For the reasons set forth above, the complaint is dismissed, without prejudice, for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Although plaintiffs paid the filing fee to commence this action, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 69 U.S. 438, 444-45, 82 S. Ct. 917, 920, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to enter judgment and close this case.

So Ordered.

Dated: Brooklyn, New York
      March 17, 2018

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge